IvYONS J.
There appears to be a defect in the declaration which has not been noticed. It charges that the said Henry Cocke and a certain Richard Cocke deceased, whom the said Henry Cocke survived, gave the bond in question. And the breach laid is, that “neither the said Henry nor the defendant hath paid,” without averring nonpayment by Richard the other obligor.
Copeland for the appellant. It is a rule, that the plaintiff need not aver a matter, which it would be unnecessary for him to prove, if averred; and, if in the present case, the declaration had charged non-pajrment by the other obligor, the plaintiff could not have been required to prove it. The defendant pleads payment, and there can be no question, but that under the act of Assembly permitting him to prove all the discounts in his power, he might have *507 availed himself of any payments made by the other obligor. The case of Busher v. Philips. Bull, nisi prius 163, seems to be in point. That was an action of debt, on a bail bond, against C. and the declaration stated, that the defendant and two others became jointly and severally bound: the breach was that the defendant had not paid.
■ — The plaintiff had judgment, although ‘*'the defendant demurred specially, and stated as a cause, that the declaration did not aver non-payment by the other obligors.*
LYONS J. delivered the opinion of the court. The first objection cannot be sustained upon any principle. It was unnecessary to state in the declaration, the use or consideration for which the bond was given ; and if it had been stated, it would have been mere surplusage.
But we do not feel satisfied upon the objection to the declaration stated from the bench.
The cause must be sent back for a new trial, with directions to admit the bond as evidence but reserving to the appellee by the consent of the appellant the liberty of availing himself of any other legal exception to the proceedings already had, as if this judgment had not been rendered, or any appeal granted.
Judgment reversed.

See tile case of Arscott and Heale, Cro. Oar. 8. debt against 3 obligors, one pleads solvit ad diem. Replication that neither of the three nor any one of them had paid: on issue joined, verdict, that one had paid, held good. — Note in Original Edition.